UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH GASSOWAY, | Case No. 16-CV-0043 (JNE/FLN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| FARIBAULT CORRECTIONAL FACILITY, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on petitioner Joseph Gassoway's amended petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 9. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Gassoway's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Gassoway's petition as untimely.

Gassoway, a state prisoner, was found guilty after a 2012 jury trial on one count of first-degree criminal sexual conduct. On appeal, Gassoway argued that the trial court admitted unduly prejudicial evidence of prior alleged sexual misconduct. The Minnesota Court of Appeals rejected Gassoway's argument and affirmed the conviction. *See State v. Gassoway*, No. A13-0608, 2014 WL 1875571 (Minn. Ct. App. May 12, 2014). The Minnesota Supreme Court declined review on July 15, 2014. *Id.* Gassoway did not file a petition for certiorari before the United States Supreme Court.

On January 8, 2016, the Court received Gassoway's initial petition for a writ of habeas corpus brought pursuant to § 2254. That document ended abruptly and appeared to be missing several pages (including a signature page), and so this Court asked Gassoway either to make arrangements with the Clerk of Court to sign his habeas petition, or to file a signed amended habeas petition. *See* ECF No. 2. Gassoway eventually filed his amended petition on April 13, 2016, raising several claims of ineffective assistance of counsel. That petition is now before the Court.[1]

An in-depth analysis of the merits of Gassoway's claims is unnecessary, though, because Gassoway's petition is barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

---

[1] Gassoway also filed a signed but otherwise blank notice of appeal. *See* ECF No. 10. No final judgment or appealable order has yet been entered in this case, and thus there is nothing yet for Gassoway to appeal to the Eighth Circuit. His notice of appeal is therefore without effect.

>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Gassoway filing a habeas petition previously; (2) Gassoway is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Gassoway's claim is not predicated on any new factual discovery.

Under § 2244(d)(1)(A), then, Gassoway was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court denied review of Gassoway's direct appeal on July 15, 2014,[2] and Gassoway's conviction became final 90 days thereafter, on October 14, 2014.[3] *See Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). The limitations period for Gassoway to file a federal habeas petition began running on that date, and it ended exactly one year later, on October 14, 2015.

---

[2] Gassoway was also recently convicted of second-degree criminal sexual conduct in an unrelated case. *See State v. Gassoway*, No. A13-2405, 2014 WL 5800353 (Minn. Ct. App. Nov. 14, 2014). Through his references to the original state case number, Gassoway is clear in both his original and amended habeas petition that he is challenging the conviction for which the Minnesota Supreme Court declined review on July 15, 2014. *See* Petition at 3 [ECF No. 1]; Amended Petition at 1 [ECF No. 9].

[3] This was, in fact, 91 days after the Minnesota Supreme Court declined review, but the ninetieth day (October 13, 2014) was a legal holiday, and thus Gassoway had one additional day in which to seek relief. *See* Fed. R. Civ. P. 6(a)(1)(C).

Assuming that Gassoway's amended habeas petition relates back to his original petition,[4] *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), the relevant question is whether Gassoway's *original* habeas petition was filed on or before October 14, 2015. The Court did not receive Gassoway's original habeas petition until January 8, 2016. *See* ECF No. 1. This does not quite answer the question of timeliness, however. Under Rule 3(d) of the Rules Governing Section 2254 Cases, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." If Gassoway used the system designated by the prison system for legal mail and submitted his original habeas petition to prison officials by October 14, 2015, then his habeas petition is considered timely for purposes of § 2244(d).

There is no evidence in the record to support such a finding, however. Gassoway has not provided a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement attesting to the date on which the habeas petition was deposited in the prison legal mail system, as contemplated by Rule 3(d). Set against that absence of evidence supporting the timeliness of Gassoway's petition is strong circumstantial evidence suggesting that Gassoway acted too late. The envelope carrying Gassoway's original habeas petition is postmarked January 4, 2016. *See* ECF No. 1-3. In order to be timely, then, Gassoway would have needed to have submitted his

---

[4] Determining whether Gassoway's amended petition relates back to the original is nearly impossible, as the original petition was incomplete on its face. Thus, this Court cannot know which claims Gassoway might have raised in his original petition had he submitted the entire document. Even after giving Gassoway the benefit of the doubt in assuming that the amended habeas petition relates back in its entirety, though, it is overwhelmingly likely that his original petition for habeas relief is nevertheless untimely.

habeas petition to prison officials over two months before the habeas petition was finally mailed. This is extraordinarily unlikely, both judging from this Court's prior experience and from the events of this case. For example, Gassoway's application to proceed *in forma pauperis* was signed by him on January 21, 2016, assumedly placed in the prison mail system around that time, and postmarked on February 1, 2016. *See* ECF Nos. 4 & 4-1. This 10-day delay (at most) is more consistent with the usual practice than the 82-day delay needed to support a finding that Gassoway's habeas petition was timely. Thus, although this Court cannot identify the precise date that Gassoway's original habeas petition is deemed to be submitted for purposes of Rule 3(d), it is overwhelmingly likely that the petition was submitted too late.[5]

This Court has also considered other doctrines or statutory provisions that could, either singly or in combination, render Gassoway's petition timely, but none of those provisions or doctrines applies here. For example, Gassoway asserts (and the Minnesota state trial records confirm) that he has never filed a petition for post-conviction relief in state court. Accordingly, the time for seeking federal habeas relief has never been tolled pursuant to § 2244(d)(2). There is no indication from the original habeas petition, the amended habeas petition, or the accompanying documents that any extraordinary circumstance prevented Gassoway from earlier seeking habeas relief, and so Gassoway is not entitled to equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649-52 (2010). Finally, this Court is aware that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims

---

[5]If Gassoway contests this finding on objection to this Recommendation — that is, if Gassoway believes that he submitted his habeas petition to prison officials on time — then he should support his objection with evidence that his habeas petition was, in fact, placed in the prison legal mail system by no later than October 14, 2015.

...

. . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Gassoway asserts throughout his amended habeas petition that he is actually innocent of the offense for which he was convicted. But *McQuiggin* does not allow a habeas petitioner to overcome the limitations period set by § 2244(d) merely by pleading that he is innocent. Instead, the petitioner must show that, in light of new evidence, no juror acting reasonable would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 1928 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]enable actual-innocence gateway pleas are rare." *Id.* In this case, Gassoway has pointed to no new evidence tending to show his innocence. Without such evidence, Gassoway cannot avoid the limitations period established by § 2244(d).

Accordingly, this Court concludes that Gassoway's habeas petition is barred by the statute of limitations. It is therefore recommended that this matter be summarily dismissed. Three matters merit further comment:

First, Gassoway has applied for *in forma pauperis* ("IFP") status in this matter. *See* ECF No. 4. Although Gassoway qualifies financially for IFP status, an IFP application should be denied where a habeas petition cannot be entertained. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). This Court therefore recommends that Gassoway's IFP application be denied.

Second, Gassoway previously moved for an extension of time to file his amended habeas petition. *See* ECF No. 8. That motion is now moot, as Gassoway has since filed his amended habeas petition and accompanying documents. No further extension is necessary.

Third, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Gassoway's current habeas corpus petition differently than it is being treated here. Gassoway has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Gassoway should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. Petitioner Joseph Gassoway's application to proceed *in forma pauperis* [ECF No. 4] be DENIED.

3. Gassoway's motion for an extension of time [ECF No. 8] be DENIED AS MOOT.

4. No certificate of appealability be issued.

Dated: May <u>13</u>, 2016                          <u>*s/Franklin L. Noel*</u>
                                                   Franklin L. Noel
                                                   United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.